IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

IN RE:     **TURNER GRAIN MERCHANDISING, INC.,**     Case No. 2:14-bk-15687
Debtor     Chapter 11

**TURNER GRAIN MERCHANDISING, INC.**     PLAINTIFF

V.     AP NO. _____

**SOUTHERN RICE AND COTTON, LLC**     DEFENDANT

### NOTICE OF REMOVAL

Comes now Debtor Turner Grain Merchandising, Inc. ("Debtor"), by and through its court-appointed Receiver and counsel Kevin P. Keech ("Receiver"), and for its Notice of Removal, states as follows:

1. On September 11, 2014, Kevin P. Keech was appointed as Receiver of the Debtor by order of the United States District Court for the Eastern District of Arkansas, Case No. 2:14-CV-111-JM (the "Receivership Case"). Such order found it to be in the public interest and the interests of Debtor's creditors that the Receiver be appointed, and that the Receiver was vested "with broad powers to adequately take control and manage the assets of [Debtor], including but not limited to the day-to-day management of the business entity, including the authority to liquidate assets, the authority to pursue claims, and the authority to file for bankruptcy." [Receivership Case, Doc. No. 3].

2. On October 23, 2014, the Debtor filed its voluntary chapter 11 bankruptcy petition, initiating the instant case. On November 12, 2014, an order was entered in the Bankruptcy Case

appointing Kevin P. Keech and Keech Law Firm, P.A. as attorneys for the Debtor on an interim basis [Doc. No. 48].

3.   Pre-petition, on September 16, 2014, a civil lawsuit was filed in the Circuit Court of Poinsett County, Arkansas, against the Debtor and several entities related to the Debtor (among other defendants), captioned *Southern Rice & Cotton, LLC v. Turner Grain Merchandising, Inc., et al*, Case No. CV2014-103 (RP) (the "Poinsett County Case").  The complaint in the Poinsett County Case alleges that the plaintiffs contracted with the Debtor to sell and deliver grain, that the plaintiffs delivered such grain, and that plaintiffs never received full payment for such grain from Debtor or any other entity.

4.   On November 10, 2014, an Order was entered by this Court granting the Debtor's Emergency Motion to Extend the Automatic Stay [Doc. No. 43].  Pursuant to such order, the automatic stay created by 11 U.S.C. § 362 was extended to several other defendants in the Poinsett County Case for a period of 30 days, at which time the issues will be re-evaluated at hearing.  Such defendants include Agri-Petroleum Sales, LLC; Agribusiness Properties, LLC; Brinkley Truck Brokerage, LLC; Ivory Rice, LLC; LJTC LLC; Turner Commodities, Inc.; Turner North, LLC; and Turner Grain, Inc. d/b/a Turner Grain.

5.   On November 13, 2014, the Receiver filed a Motion to Extend Receivership Authority and Incorporated Brief in Support in the Receivership Case, requesting that the Receiver's authority be extended to several of the same related entities described above due to their relatedness and intermingling with the Debtor.  [Receivership Case, Doc. No. 22].  Such entities include Agri-Petroleum Sales, LLC; Agribusiness Properties, LLC; Brinkley Truck Brokerage, LLC; Ivory Rice, LLC; LJTC LLC; Turner Commodities, Inc.; Turner North, LLC;

and Turner Grain, Inc. d/b/a Turner Grain. An order has not yet been entered regarding the Motion to Expand Receivership Authority.

6. The Debtor's chapter 11 case remains an active case and the Receiver is administering such case as a debtor-in-possession.

7. The Debtor now files this Notice of Removal pursuant to Federal Rule of Bankruptcy Procedure 9027, which states that such a notice may be filed with the clerk for the district and division within which is located the state court where the civil action is pending.

8. As a result of the Bankruptcy Case and the pleadings described above, this Court has jurisdiction over the assets of the Debtor and its related entities. This Court has exclusive power and authority to adjudicate claims of creditors and adjust the relationships between a debtor and its creditors. 28 U.S.C. § 157. Specifically, 28 U.S.C. § 157 provides:

> (a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.
>
> (b) (1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, ad may enter appropriate orders and judgments, subject to review under section 158 of this title.
>
> (2) Core proceedings include, but are not limited to—
>
> > (A) Matters concerning the administration of the estate;
> >
> > (B) Allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11 . . . .

9. The essence of the complaint filed in the Poinsett County Case is that Debtor, and possibly other LLCs and corporations that are so intertwined with Debtor that it is difficult to

3

distinguish the assets and liabilities of each, did not fully compensate the plaintiffs for grain sold. Placed in the bankruptcy context, the issue becomes whether a portion or all of the funds generated by the transactions described in the Poinsett County Case complaint are assets belonging to Debtor or other related entities and, thus, belong to the bankruptcy estate pursuant to 11 U.S.C. § 541. Such a determination constitutes a core proceeding under the Bankruptcy Code, over which this Court has exclusive jurisdiction.

10. This filing is timely pursuant to Fed. R. Bankr. P. 9027.

11. Pursuant to Fed. R. Bankr. P. 9027, Debtor states that it consents to the entry of final orders or judgments by the Bankruptcy Court.

12. Also pursuant to Fed. R. Bankr. P. 9027, Debtor provides contemporaneously herewith a copy of all process and pleadings filed in the Poinsett County Case.

13. Based on the foregoing, Debtor respectfully requests the Court remove this case to the United States Bankruptcy Court for the Eastern District of Arkansas, Helena Division, and that an adversary proceeding be opened within these bankruptcy proceedings to administer such case.

WHEREFORE, having complied with the provisions of Federal Rule of Bankruptcy Procedure 9027, the Debtor herein respectfully requests the Court remove the Poinsett County Case to the United States Bankruptcy Court for the Eastern District of Arkansas, Helena Division, and for all other good and proper relief to which it may be entitled.

Respectfully submitted,

KEECH LAW FIRM, PA
4800 West Commercial Drive
North Little Rock, AR 72116
501.221.3200 (telephone)
501.221.3201 (fax)

4

By:    /s/Kevin P. Keech
Kevin P. Keech (Ark. Bar No. 98147)
kkeech@keechlawfirm.com
*Receiver and Attorneys for Defendant*
*Turner Grain Merchandising, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was sent via electronic mail and United States Postal Service, *postage prepaid*, on the 2nd day of December 2014, to the following:

Patty W. Lueken
Lyndsey D. Dilks
Lueken Dilks Law Firm
P.O. Box 26426
Little Rock, AR 72221

*/s/ Kevin P. Keech*
Kevin P. Keech